**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF DELAWARE**

---

In re:
WHEREHOUSE ENTERTAINMENT, INC.,
a Delaware Corporation, et al.,

               Debtors.

In Proceedings Under Chapter 11
Case No: 03 – 10224 (PJW)
Jointly Administered

---

**AFFIDAVIT AND DISCLOSURE STATEMENT OF ERNST & YOUNG CORPORATE FINANCE LLC IN SUPPORT OF APPLICATION OF THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS FOR AN ORDER AUTHORIZING THE RETENTION AND EMPLOYMENT OF ERNST & YOUNG CORPORATE FINANCE LLC AS FINANCIAL ADVISORS PURSUANT TO SECTION 1103 OF THE BANKRUPTCY CODE, NUNC PRO TUNC FEBRUARY 17, 2003**

       Pursuant to Rule 2014(a) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), Marc Bilbao, being duly sworn, deposes and says:

    1.     I am a Managing Director of Ernst & Young Corporate Finance LLC ("EYCF"), which is an affiliate of Ernst & Young LLP ("E&Y LLP"). I provide this Affidavit on behalf of EYCF in support of the Application of The Official Committee of Unsecured Creditors (the "Committee") of Wherehouse Entertainment, Inc. et al. (the "Debtors") for an order authorizing the retention and employment of EYCF as financial advisors, *nunc pro tunc* to February 17, 2003 (the "Application"), pursuant to the terms and conditions set forth in the agreement between the Committee and EYCF (the "Engagement Letter"), a copy of which is attached to the Affidavit as Exhibit A. Unless otherwise defined, all capitalized terms used herein have the meanings given to them in the Application.

2. The facts set forth in my affidavit are based upon either my personal knowledge, upon information and belief, or upon client matter records kept in the ordinary course of business which were reviewed by me or another employee of EYCF under my supervision and direction.

3. As set forth in further detail in the Engagement Letter, EYCF's services in connection with these Chapter 11 cases will be primarily to:

(a) analyze the current financial position of the Debtors;

(b) analyze the Debtors' business plans, cash flow projections, restructuring programs, and other reports or analyses prepared by the Debtors or their professionals in order to advise the Committee on the viability of the continuing operations and the reasonableness of projections and underlying assumptions;

(c) analyze the financial ramifications of proposed transactions for which the Debtors seek Bankruptcy Court approval including, but not limited to, DIP financing, assumption/rejection of contracts, asset sales, management compensation and/or retention and severance plans;

(d) analyze the Debtors' internally prepared financial statements and related documentation, in order to evaluate the performance of the Debtors as compared to its projected results on an ongoing basis;

(e) attend and advise at meetings with the Committee, its counsel, other financial advisors, and representatives of the Debtors;

(f) assist and advise the Committee and its counsel in the development, evaluation and documentation of any plan(s) of reorganization or strategic transaction(s), including developing, structuring and negotiating the terms and conditions of potential plan(s) or strategic transaction(s) and the consideration that is to be provided to unsecured creditors thereunder;

(g) render testimony in connection with procedures (a) through (f) above, as required, on behalf of the Committee; and

(h) provide such other services, as requested by the Committee and agreed by EYCF.

4. EYCF's fees for the services provided under this Agreement will be based on actual time incurred at our hourly rates. The actual time incurred will depend upon the extent

2

and nature of available information, any modifications to the scope of our engagement, and other developments that may occur as work progresses. Currently, our hourly rates are as follows:

| | |
|---|---|
| Managing Directors | $575 - 595 |
| Directors | 475 - 545 |
| Vice Presidents | 375 - 440 |
| Associates | 320 - 340 |
| Analysts | 275 |
| Client Service Associates | 140 |

These rates are revised periodically. We shall advise the Committee of any new rates established during the course of the engagement.

Additionally, we will request reimbursement of our reasonable out-of-pocket expenses (in accordance with Bankruptcy Court guidelines) incurred in connection with providing services under this agreement.

We will request payment of our fees and reimbursement of our actual and necessary expenses related to this engagement, in accordance with the applicable provisions of the United States Bankruptcy Code, the Federal Rules of Bankruptcy Procedure, and the local rules and orders of the Bankruptcy Court. Because of special circumstances applicable to this engagement, EYCF agrees that the blended hourly rate will not exceed $375 per hour on a cumulative basis.

In addition, in the event that any proceedings or legal actions are brought as a result of our performance of these services, we will request reimbursement of our actual expenses and fees, which will be mutually agreed to by EYCF and the Committee and approved by the Bankruptcy Court, for any time we may incur in considering or responding to discovery requests

or participating as a witness or otherwise in any legal, regulatory, or other proceeding as a result of our performance of these services.

5.    The Committee or EYCF may terminate the Engagement Letter at any time, but in any event the Engagement Letter will terminate upon the effective date of a plan of reorganization of the Debtors under Chapter 11 of the Bankruptcy Code. In the event that the Engagement Letter is terminated by the Committee, the Debtors will remain obligated to pay any accrued fees as of the effective date of the termination.

6.    A copy of the Engagement Letter is submitted for approval herewith. EYCF's provision of services to the Committee is contingent upon the Court's approval of each term and condition set forth in the Engagement Letter (the "Terms and Conditions"). Included among the Terms and Conditions set forth in the Engagement Letter is the following:

> Any controversy or claim with respect to, in connection with, arising out of, or in any way related to this Agreement or the services provided hereunder (including any such matter involving parent, subsidiary, affiliate, successor in interest or agent of the Committee or of EYCF) shall be brought in the Bankruptcy Court or the District Court for the District of Delaware, if such District Court withdraws the reference, and the parties to this Agreement, and any and all successors and assigns thereof, consent to the jurisdiction and venue of such court as the sole and exclusive forum (unless such court does not have or retain jurisdiction over such claims or controversies) for the resolution of such claims, causes of actions or lawsuits. The parties to this Agreement, and any and all successors and assigns thereof, hereby waive trial by jury, such waiver being informed and freely made. If the Bankruptcy Court or the District Court upon withdrawal of the reference does not have or retain jurisdiction over the foregoing claims or controversies, the parties to this Agreement, and any and all successors and assigns thereof, agree to submit first to non-binding mediation, and, if mediation is not successful, then to binding arbitration, in accordance with the dispute resolution procedures set forth in Appendix A of the Agreement. Judgment on any arbitration award may be entered into any court having proper jurisdiction. The foregoing is binding upon the Committee and EYCF and any and all successors and assigns thereof.

4

7. In connection with EYCF's proposed retention by the Committee, EYCF has requested and, unless otherwise noted, obtained from the Debtors and/or their counsel the names, as applicable, of the following entities:

(i) Debtors;

(ii) Attorneys for Debtors (general counsel and special bankruptcy counsel);

(iii) Other professionals of the Debtors retained in connection with the Chapter 11 proceeding;

(iv) Debtors' affiliates;

(v) Attorneys for Debtors' affiliates, if different from above;

(vi) Other professionals of Debtors' affiliates retained in connection with the Chapter 11 proceeding if different from above;

(vii) Debtors' officers;

(viii) Attorneys for Debtors' officers retained in connection with the Chapter 11 proceeding, if different from above;

(ix) Other business affiliations of Debtors' officers;

(x) Debtors' directors;

(xi) Attorneys for Debtors' directors retained in connection with the Chapter 11 proceeding;

(xii) Other business affiliations of Debtors' directors;

(xiii) Debtors' major shareholders (5% or more);

(xiv) Attorneys for Debtors' major shareholders retained in connection with the Chapter 11 proceeding;

(xv) Secured lenders;

(xvi) Attorneys and financial advisors for secured lenders retained in connection with the Chapter 11 proceeding;

(xvii) Substantial unsecured bondholders or lenders;

(xviii) Attorneys for substantial unsecured bondholders or lenders retained in connection with the Chapter 11 proceeding;

(xix)     Indenture trustees;

(xx)      Attorneys for indenture trustees retained in connection with the
          Chapter 11 proceeding;

(xxi)     Official statutory committees members (all committees);

(xxii)    Official statutory committees attorneys (for each official committee);

(xxiii)   Official statutory committees other professionals;

(xxiv)    Attorneys for the official statutory committees members.

(xxv)     Largest unsecured creditors for all filing entities;

(xxvi)    Attorneys for the largest unsecured creditors for all filing entities;

(xxvii)   Parties to significant executory contracts and leases of the Debtors;

(xxviii)  Attorneys for the parties to significant executory contracts and leases
          retained in connection with the Chapter 11 proceeding;

(xxix)    Other significant parties in interest including parties in material litigation
          against the Debtors, and/or parties to potential significant transactions
          with the Debtors;

(xxx)     Attorneys for other parties in interest retained in connection with the
          Chapter 11 proceeding;

The identities of the interested parties, as applicable, are set forth on Exhibit B to the Affidavit.

8.     We have not received information on or do not know of any persons or entities

that would fall into categories viii, ix, xi, xii, xvii, xviii, xix, or xx set forth in paragraph 7 above.

9.     EYCF searched certain databases of EYCF and E&Y LLP to determine whether

either entity has provided in the recent past, or is presently providing, services to the parties-in-

interest listed in Exhibit B appended hereto. To the extent that EYCF's research of relationships

with the interested parties indicated that E&Y LLP or EYCF has provided in the recent past or is

currently providing services to any of these entities in matters unrelated to these Chapter 11

cases, EYCF has so indicated in the attached Exhibit B to the Affidavit. Should additional

relationships with parties in interest become known to EYCF, a supplemental affidavit will be filed with the Court.

10. The U.S. firm of Ernst & Young LLP and the Canadian firm of Ernst & Young LLP ("E&Y (Canada)") are separate legal entities which, through various agreements, have a close operational relationship that, inter alia, provides for certain shared costs and services and mutual financial support and, in certain circumstances, call for compensation payments as between the two firms.

11. EYCF has requested E&Y (Canada) to conduct research with respect to services provided by it to parties listed in Exhibit B attached hereto. The results of such research are indicated in the Exhibit.

12. E&Y LLP and E&Y Canada are members of Ernst & Young Global Limited ("EYGL"), a company limited by guarantee, incorporated under the laws of England and Wales that has no shareholders and no capital. The member firms of EYGL have formed an operationally integrated practice, but remain separate legal entities. EYGL is a member of E&Y International ("EYI"), a company limited by guarantee, incorporated in the Cayman Islands, that has no shareholders and no capital. EYI is a network of correspondent accountant firms that have agreed to conduct their individual practices in accordance with EYI's Articles of Association.

13. Egan LLP ("Egan") is a business immigration practice with an office in Toronto. Couzin Taylor LLP ("Couzin") is a tax law boutique with offices in Montreal, Toronto, and Ottawa. Egan and Couzin (collectively referred to herein as the "Firms") are Canadian law firms. The Firms are owned and managed by its partners. The Firms have an alliance agreement with E&Y Canada under which the Firms work together to market and coordinate services to clients. In addition, E&Y Canada provides certain facilities and support services to the Firms.

7

E&Y Canada has no ownership interest in the Firms, nor do the Firms share revenues or profits. However, the partners of the Firms are partners in E&Y Canada.

14. EYCF has requested Egan and Couzin to conduct research with respect to services provided by it to the parties listed in Exhibit B attached hereto that relate to E&Y Canada. The results of such research have not yet been received by EYCF, but will be disclosed in a supplemental affidavit that will be filed with the Court once available.

15. EYCF has not identified any countries (other than the United States) in which the Debtors' affiliates have operations, and thus no inquiry has been made of the member firms of EYI in such countries with respect to any work performed by the member firms on behalf of the Debtors.

16. E&Y LLP and EYCF have, in the past, provided audit and other services to the Debtors; however, to the best of my knowledge, no services have been provided in the last three-year period and any services provided did not relate to these Chapter 11 proceedings.

17. E&Y LLP has, in the past, provided transaction support services related to Wherehouse Entertainment, Inc. to Cerberus Partners, L.P., a major shareholder of the Debtors; however, to the best of my knowledge, these services did not relate to these Chapter 11 proceedings.

18. From time to time, E&Y LLP or EYCF has provided services, and likely will continue to provide services, to certain creditors of the Debtors and various other parties adverse to the Committee in matters unrelated to these Chapter 11 cases. As described herein, however, EYCF has undertaken a detailed search to determine, and to disclose, whether E&Y LLP or EYCF have been or is currently employed by any significant creditors, equity security holders, insiders or other parties in interest in such unrelated matters. As part of its practice, E&Y LLP

8

and EYCF appear in cases, proceedings and transactions involving many different attorneys, financial advisors and creditors, some of which may represent or be claimants and/or parties in interest in these cases. E&Y LLP and EYCF will not have any relationship with such entity, attorney or financial advisor that would be materially adverse to the Committee. The following professionals associated with the Debtors' cases have provided in the past and are currently providing services to E&Y LLP and/or EYCF: O'Melveny & Myers, LLP; Mayer, Brown, Rowe and Maw; FTI Consulting; Richards Layton & Finger, P.A.; and Schulte, Roth & Zabel. The following professionals associated with the Debtors' cases have provided services to E&Y LLP and/or EYCF in the past: Morgan, Lewis & Bockius, LLP; Morris, Nichols, Arsht & Tunnell; and Potter, Anderson & Corroon, LLP.

19. E&Y LLP and EYCF provide services in connection with numerous cases, proceedings and transactions unrelated to these Chapter 11 cases. These unrelated matters involve numerous attorneys, financial advisors and creditors, some of which may be claimants or parties with actual or potential interests in these cases or may represent such parties.

20. E&Y LLP and EYCF personnel may have business associations with certain creditors of the Debtors unrelated to these Chapter 11 cases. In addition, in the ordinary course of its business, E&Y LLP and EYCF may engage counsel or other professionals in unrelated matters who now represent, or who may in the future represent, creditors or other interested parties in these cases.21. E&Y LLP and EYCF have thousands of professional employees. It is possible that certain employees of E&Y LLP or EYCF hold securities of the Debtors' and its affiliates or interests in mutual funds or other investment vehicles that may own securities of the Debtors' and its affiliates.

9

22.	To the best of my knowledge, information and belief formed after reasonable inquiry, none of the services rendered by E&Y LLP, EYCF or E&Y (Canada) to the entities as set forth in Exhibit B hereto and herein, have been in connection with the Debtors in these Chapter 11 cases. EYCF believes that these relationships will not impair EYCF's ability to objectively perform professional services on behalf of the Committee. EYCF will not accept any engagement that would require EYCF to represent an interest materially adverse to the Committee.

23.	To the best of my knowledge, information and belief, neither the undersigned nor the professionals anticipated to assist the Committee in these matters are connected to the judge, U.S. Trustee or assistant U.S. Trustee assigned to this matter.

24.	Certain banks that are parties of interest herein, JP Morgan Chase and Wachovia (First Union), are banks that participate in E&Y LLP's Revolving Credit Program or otherwise have a lending relationship.

25.	Despite the efforts described above to identify and disclose connections with parties in interest in these cases, because the Debtors are a large enterprise with thousands of creditors and other relationships, EYCF is unable to state with certainty that every client representation or other connection of E&Y LLP, EYCF or E&Y (Canada) have been disclosed. In this regard, if EYCF discovers additional information that requires disclosure, EYCF will file supplemental disclosures with the Court as promptly as possible.

26.	To the best of my knowledge, information and belief formed after reasonable inquiry, EYCF does not hold or represent any interest materially adverse to the Committee in the matters for which EYCF is proposed to be retained. The proposed employment of EYCF is not

prohibited by or improper under Bankruptcy Rule 5002. Accordingly, I believe that EYCF is eligible for retention by the Committee under the Bankruptcy Code.

27.     The Debtors made no payments to EYCF or E&Y LLP during the ninety days immediately preceding the Petition Date.

28.     EYCF and the professionals that it employs are qualified to represent the Committee in the matters for which EYCF is proposed to be employed.

29.     EYCF has not shared or agreed to share any of its compensation in connection with this matter with any other person. As the sole member of EYCF, E&Y LLP has a variety of legal and financial rights, including the right to receive dividends under legally appropriate circumstances.

30.     EYCF intends to apply to the Court for payment of compensation and reimbursement of expenses in accordance with the applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, the Local Rules of this Court and the Engagement Letter, and pursuant to any additional procedures that may be established by the Court in these cases.

31.     At the request of the Committee and its counsel, EYCF commenced performing services related to these cases on February 17, 2003. It is therefore requested that the retention of EYCF as financial advisory services providers be approved *nunc pro tunc* to February 17, 2003.

_(signature)_

Marc Bilbao
Managing Director

Dated: February 17, 2003

Sworn to and subscribed before
me this _14_ day of _March_, 2003.

_(signature)_
Notary Public

My Commission Expires: _2006_

PATRICIA FRIAS
Commission # 1363346
Notary Public - California
Los Angeles County
My Comm. Expires Jun 30, 2006

EXHIBIT A



Effective as of
February 17, 2003

The Official Committee
of Unsecured Creditors of
Wherehouse Entertainment, Inc. et al.

Re: Wherehouse Entertainment, Inc. et al., Case No: 03-10224 (PJW)

Dear Committee Members:

This letter agreement ("Agreement") sets forth the terms and conditions of the engagement of
Ernst & Young Corporate Finance LLC ("EYCF"), an affiliate of Ernst & Young LLP ("Ernst &
Young"), by the Official Committee of Unsecured Creditors (the "Committee") of Wherehouse
Entertainment, Inc. et al. (collectively the "Debtors" or "Company") to provide financial
advisory services to the Committee in the above-referenced bankruptcy proceedings in the
United States Bankruptcy Court for the District of Delaware (the "Bankruptcy Court").

We have agreed to provide such services, contingent upon the Bankruptcy Court approving our
retention in accordance with the terms and conditions that are set forth in this Agreement.

**Scope and Approach**

Based upon our discussion with you and with counsel to the Committee, we expect to perform
the following services on your behalf:

  (a) analyze the current financial position of the Debtors;

  (b) analyze the Debtors' business plans, cash flow projections, restructuring programs,
      and other reports or analyses prepared by the Debtors or their professionals in order to
      advise the Committee on the viability of the continuing operations and the
      reasonableness of projections and underlying assumptions;

  (c) analyze the financial ramifications of proposed transactions for which the Debtors
      seek Bankruptcy Court approval including, but not limited to, DIP financing,
      assumption/rejection of contracts, asset sales, management compensation and/or
      retention and severance plans;

  (d) analyze the Debtors' internally prepared financial statements and related
      documentation, in order to evaluate the performance of the Debtors as compared to its
      projected results on an ongoing basis;

1

(e) attend and advise at meetings with the Committee, its counsel, other financial advisors, and representatives of the Debtors;

(f) assist and advise the Committee and its counsel in the development, evaluation and documentation of any plan(s) of reorganization or strategic transaction(s), including developing, structuring and negotiating the terms and conditions of potential plan(s) or strategic transaction(s) and the consideration that is to be provided to unsecured creditors thereunder;

(g) render testimony in connection with procedures (a) through (f) above, as required, on behalf of the Committee; and

(h) provide such other services, as requested by the Committee and agreed by EYCF.

Services provided by EYCF will not be duplicative with services provided by Ernst & Young LLP in the event that Ernst & Young LLP is retained separately by the Committee.

## Staffing

Marc Bilbao, a Managing Director of EYCF, and Martin Nachimson, a Managing Director of EYCF, will coordinate our services pursuant to this Agreement. If Mr. Bilbao or Mr. Nachimson ceases to provide services pursuant to the Agreement, EYCF will so advise the Committee and will provide the Committee with the name of his replacement. Other EYCF professionals not identified herein will be required from time to time to execute the services contemplated in this Agreement.

## Fees and Expenses

Our fees will be based on actual time incurred at our hourly rates. The actual time incurred will depend upon the extent and nature of available information, any modifications to the scope of our engagement, and other developments that may occur as work progresses. Currently, our hourly rates are as follows:

| | |
|---|---|
| Managing Directors | $575 - 595 |
| Directors | 475 - 545 |
| Vice Presidents | 375 - 440 |
| Associates | 320 - 340 |
| Analysts | 275 |
| Client Service Associates | 140 |

These rates are revised periodically. We shall advise the Committee of any new rates established during the course of the engagement.

Additionally, we will request reimbursement of our reasonable out-of-pocket expenses (in accordance with Bankruptcy Court guidelines) incurred in connection with providing services under this agreement.

2

We will request payment of our fees and reimbursement of our actual and necessary expenses related to this engagement, in accordance with the applicable provisions of the United States Bankruptcy Code, the Federal Rules of Bankruptcy Procedure, and the local rules and orders of the Bankruptcy Court. Because of special circumstances applicable to this engagement, EYCF agrees that the blended hourly rate will not exceed $375 per hour on a cumulative basis.

In addition, in the event that any proceedings or legal actions are brought as a result of our performance of these services, we will request reimbursement of our actual expenses and fees, which will be mutually agreed to by EYCF and the Committee and approved by the Bankruptcy Court, for any time we may incur in considering or responding to discovery requests or participating as a witness or otherwise in any legal, regulatory, or other proceeding as a result of our performance of these services.

**Other Provisions**

EYCF is a limited liability company organized in the State of Delaware. EYCF is an affiliate of Ernst & Young, which is a separate legal entity. EYCF shall be solely responsible for the services provided to you on this engagement. By engaging EYCF, you agree that any claim of any sort arising out of or in connection with this engagement will be brought only against EYCF and that no claim with respect to this engagement will be brought against Ernst & Young or its partners or employees, whether or not it is engaged as a subcontractor on this engagement.

You understand that certain financial information used by EYCF in the performance of the services contemplated by this Agreement ("Company Financial Information") will be prepared by the Company, its management and its financial advisors. Company Financial Information shall include, without limitation, financial forecasts, business and strategic plans, information derived from the Company's information systems, financial analyses related to the prosecution of court motions, the related assumptions with respect to the performance of the Company and its business units and underlying economic assumptions. EYCF does not assume any responsibility for the accuracy or completeness of the Company Financial Information. EYCF will not perform any audit procedures on the Company Financial Information, and accordingly, will express no opinion thereon.

EYCF's work will be performed on behalf of the Committee and should not be relied upon by any other party for any purpose. Any controversy or claim with respect to, in connection with, arising out of, or in any way related to this Agreement or the services provided hereunder (including any such matter involving parent, subsidiary, affiliate, successor in interest or agent of any member of the Committee or of EYCF) shall be brought in the Bankruptcy Court, or the District Court for the District of Delaware if such District Court withdraws the reference, and the parties to this Agreement, and any and all successors and assigns thereof, consent to the jurisdiction and venue of such court as the sole and exclusive forum (unless such court does not have or retain jurisdiction over such claims or controversies) for the resolution of such claims, causes of action or lawsuits. The parties to this Agreement, and any and all successors and assigns thereof, hereby waive trial by jury, such waiver being informed and freely made. If the Bankruptcy Court, or the District Court upon withdrawal of the reference, does not have or retain jurisdiction over the foregoing claims or controversies, the parties to this Agreement, and any

and all successors and assigns thereof, agree to submit first to non-binding mediation; and, if mediation is not successful, then to binding arbitration, in accordance with the dispute resolution procedures set forth in Appendix A to this Agreement. Judgment on any arbitration award may be entered in any court having proper jurisdiction. The foregoing is binding upon the Committee, EYCF, and any and all successors and assigns thereof.

The benefits of this Agreement shall inure to the respective successors and assigns of the parties hereto and the obligations and liabilities assumed in this Agreement by the parties hereto shall be binding upon their respective successors and assigns.

This Agreement may be terminated at any time by the Committee or EYCF, but in any event this Agreement will expire upon the effective date of the Company's confirmed plan of reorganization, or liquidation of the Company's assets under Chapter 11 or 7 of Title 11 of the United States Code, or otherwise. The provisions of this Agreement set forth in the sections entitled "Fees and Expenses" and "Other Provisions" will remain operative and in full force and effect regardless of any termination or expiration of this Agreement and shall survive completion of the Company's bankruptcy whether through a confirmed plan of reorganization, liquidation of the Company's assets under Chapter 11 or 7 of Title 11 of the United States Code, or otherwise. If any portion of this Agreement is held to be void, invalid, or otherwise unenforceable, in whole or in part, the remaining portions of this Agreement shall remain in full force and effect.

As set forth herein, the Committee has requested that EYCF provide certain financial advisory services, the scope of which is set forth in this Agreement. The Committee recognizes and acknowledges that by performing the services set forth in this Agreement, EYCF is not acting in the capacity of the Committee, and that the Committee has not asked EYCF to make, nor has EYCF agreed to make, any business or financial decisions on behalf of the Committee.

By signing this Agreement, the Committee acknowledges that EYCF does not guarantee or otherwise provide assurance that the Company will reorganize successfully under Chapter 11 of Title 11 of the United States Code, or that there will be recoveries for the Company's unsecured creditors.

* * * *

4

If the foregoing is acceptable to you, please so acknowledge by signing this letter in the space indicated below.

Very truly yours,

Ernst & Young Corporate Finance LLC
by:

Marc Bilbao
Managing Director

Consented and Agreed to:

The Official Committee of Unsecured Creditors of
Wherehouse Entertainment, Inc. et al.

By _____

Its Co-Chairperson, Twentieth Century Fox Homes Entertainment, Inc.

By Its Representative
UnJu Paik, Senior Vice-President – Legal Affairs

Date_____

By _____

Its Co-Chairperson, Electro Source, LLC

By Its Representative
William J. Loebbaka

Date_____

cc: Pachulski Stang Ziehl Young & Jones, P.C., as Counsel to the Committee

Attachment

If the foregoing is acceptable to you, please so acknowledge by signing this letter in the space indicated below.

Very truly yours,

Ernst & Young Corporate Finance LLC
by:

_____

Marc Bilbao
Managing Director

Consented and Agreed to:

The Official Committee of Unsecured Creditors of
Wherehouse Entertainment, Inc. et al.

By _____

Its Co-Chairperson, Twentieth Century Fox Homes Entertainment, Inc.

By Its Representative
UnJu Paik, Senior Vice-President – Legal Affairs

Date 3/25/03

By _____

Its Co-Chairperson, Electro Source. LLC

By Its Representative
William J. Loebbaka

Date _____

cc: Pachulski Stang Ziehl Young & Jones, P.C., as Counsel to the Committee

Attachment

5

If the foregoing is acceptable to you, please so acknowledge by signing this letter in the space indicated below.

Very truly yours,

Ernst & Young Corporate Finance LLC
by:

_____
Marc Bilbao
Managing Director

Consented and Agreed to:

The Official Committee of Unsecured Creditors of
Wherehouse Entertainment, Inc. et al.

By _____

Its Co-Chairperson, Twentieth Century Fox Homes Entertainment, Inc.

By Its Representative
UnJu Paik, Senior Vice-President – Legal Affairs

Date_____

By _____

Its Co-Chairperson, Electro Source, LLC

By Its Representative
William J. Loebbaka

Date 3/28/03

cc: Pachulski Stang Ziehl Young & Jones, P.C., as Counsel to the Committee

Attachment

5

## Exhibit A

### Dispute Resolution Procedures

The following procedures shall be used to resolve any controversy or claim ("dispute") as provided in our agreement effective as of February 17, 2003 (the "Agreement"). If any of these provisions are determined to be invalid or unenforceable, the remaining provisions shall remain in effect and binding on the parties to the fullest extent permitted by law.

### Mediation

A dispute shall be submitted to mediation by written notice to the other party or parties. The mediator shall be selected by agreement of the parties. If the parties cannot agree on a mediator, a mediator shall be designated by JAMS at the request of a party. Any mediator so designated must be acceptable to all parties.

The mediation will be conducted as specified by the mediator and agreed upon by the parties. The parties agree to discuss their differences in good faith and to attempt, with the assistance of the mediator, to reach an amicable resolution of the dispute.

The mediation will be treated as a settlement discussion and therefore will be confidential. The mediator may not testify for either party in any later proceeding relating to the dispute. No recording or transcript shall be made of the mediation proceedings.

Each party will bear its own costs in the mediation. The fees and expenses of the mediator will be shared equally by the parties.

### Arbitration

If a dispute has not been resolved within 90 days after the written notice beginning the mediation process (or a longer period, if the parties agree to extend the mediation), the mediation shall terminate and the dispute will be settled by arbitration. The arbitration will be conducted in accordance with the procedures in this document and the JAMS Arbitration Rules and Procedures as in effect on the date of the engagement letter, or such other rules and procedures as the parties may designate by mutual agreement. In the event of a conflict, the provisions of this document will control.

## EXHIBIT B

## Wherehouse Entertainment, Inc., et al.
Connections Check (Case No. 03-10224 (PJW))

| Cat. | Name | No Connection | Audit | Tax | MC | CF | Other | LIT | Canada |
|---|---|---|---|---|---|---|---|---|---|
| **Debtors** | | | | | | | | | |
| | Wherehouse Entertainment, Inc. (b) | | X | X | X | | X | | |
| | Wherehouse Holding I Co., Inc. | X | | | | | | | |
| | Wherehouse Holding II Co., Inc. | X | | | | | | | |
| | Wherehouse Subsidiary I Co., Inc. | X | | | | | | | |
| | Wherehouse Subsidiary II Co., Inc. | X | | | | | | | |
| | Wherehouse Subsidiary III Co., Inc. | X | | | | | | | |
| | Wherehouse.com, Inc. | X | | | | | | | |
| **Debtor's Attorneys** | | | | | | | | | |
| | Richards Layton & Finger, P.A. | | X | | X | X | X | | |
| | O'Melveny & Myers LLP | | X | X | | X | | X | |
| **Debtor's Other Professionals (Other Interested Parties)** | | | | | | | | | |
| | FTI Consulting | | | X | X | | X | | |
| | Great American Corp | X | | | | | | | |
| **Debtor's Other Professionals (Other Interested Parties) - Attorney** | | | | | | | | | |
| | Morris, James, Hitchens & Williams | X | | | | | | | |
| | Morris, Nichols, Arsht & Tunnell | | | | | X | X | X | |
| **Debtor's Affiliates** | | | | | | | | | |
| | The Equinox Group (Intervenor) | X | | | | | | | |
| **Debtor's Affiliates Attorneys (within Ch 11)** | | | | | | | | | |
| | Arnall, Golden, Gregory, LLP | | X | X | | | | X | |
| **Debtor's Affiliates Other Professionals** | | | | | | | | | |
| | Robert L. Berger & Associates, LLC (Claims agent) | X | | | | | | | |
| **Debtor's Officer(s)** | | | | | | | | | |
| | Jerry Comstock (CEO) | X | | | | | | | |
| | Christopher M. Noble (CFO) | | | | | | X | | |
| | Lew Garrett (EVP) | X | | | | | | | |
| | Charlie Fuertsch - General Counsel | X | | | | | | | |
| | Larry C. Gaines | X | | | | | | | |
| | Mark A. Velarde | X | | | | | | | |
| | Barbara C. Brown | X | | | | | | | |
| | Mehdi Mahdavi | X | | | | | | | |
| **Debtor's Officers Attorneys: NM** | | | | | | | | | |
| **Debtor's Officers Other Business Affiliations: NM** | | | | | | | | | |
| **Debtor's Director(s)** | | | | | | | | | |
| | Robert C. Davenport | X | | | | | | | |
| | Jonathan Gallen | X | | | | | | | |
| | Joseph B. Smith | X | | | | | | | |
| | Joseph J. Radecki | X | | | | | | | |
| | Steve Milby | X | | | | | | | |
| | Brad Tait | X | | | | | | | |
| | Paul Strauss | X | | | | | | | |
| | Charles Fuertsch | X | | | | | | | |
| **Debtor's Directors Attorneys: NM** | | | | | | | | | |
| **Debtor's Directors Other Business Affiliations: NM** | | | | | | | | | |
| **Debtor's Major Shareholders** | | | | | | | | | |
| | Cerberus Partners, L.P. (Stephen Feinberg) | | X | X | X | X | X | | |
| | Cerberus International, Ltd. | X | | | | | | | |
| | A&M Investment Associates #3, LLC (Antonio C. Alvarez, II and Bryan Marsall) | X | | | | | | | |
| **Debtor's Major Shareholders Attorneys** | | | | | | | | | |
| | Schulte, Roth & Zabel | | | | | X | X | X | |
| **Secured Lenders** | | | | | | | | | |
| | Congress Financial Corporation | | X | X | | | X | | X |
| **Secured Lenders Attorneys** | | | | | | | | | |
| | Potter Anderson & Corroon LLP | | | X | X | | X | | |
| | Mayer, Brown, Rowe & Maw | | X | X | X | X | X | X | |
| **Secured Creditors - Trade** | | | | | | | | | |
| | BMG Music | | | X | | | X | | X |
| | EMI Music Distribution | | X | X | | | X | | X |
| | Polygram Group Distribution | | | X | | | | | X |
| | Relativity Entertainment Distributors | X | | | | | | | |
| | Sony Music Entertainment | | | X | | | | | |
| | Universal Music and Video Distribution | X | | | | | | | |
| | Warner Home Video | | | X | | X | X | | X |
| | Warner/Elektra/Atlantic Corp. | X | | | | | | | |
| | Alliance Entertainment Corp. | | | | | X | | | |
| | Caroline Distribution and Baker & Taylor, Inc. | X | | | | | | | |
| **Secured Trade Creditors - Attorneys** | | | | | | | | | |
| | Klett Rooney Lieber & Schorling | | | X | | X | | | |
| | Morgan, Lewis & Bockius LLP | | X | X | | | X | X | |
| | Murphy, Sheneman, Julian & Rogers P.C. (for Universal) | | | X | X | X | X | X | |
| **Secured Trade Creditors Other Professionals** | | | | | | | | | |
| | Bank of New York (Collateral agent) | | | | | | X | X | X |
| **Secured Creditors Other Professionals - Attorneys** | | | | | | | | | |
| | Larry I. Glick P.C. | X | | | | | | | |
| **Members of the Official Unsecured Creditors Committee** | | | | | | | | | |
| | DCA Advertising, Inc. dba Colby & Partners | X | | | | | | | |
| | Twentieth Century Fox Homes Entertainment, Inc./Fox Video | | X | X | | | X | | X |
| | Columbia Tri-Star Home Entertainment/Home Video | | X | X | | | X | | X |

## Wherehouse Entertainment, Inc., et al.
### Connections Check (Case No. 03-10224 (PJW))

| Cat. | Name | No Connection | Audit | Tax | MC | CF | Other | LIT | Canada |
|---|---|---|---|---|---|---|---|---|---|
| | Simon Property Group, LP | | X | X | X | | | | |
| | Koch Entertainment Distribution LLC/Koch International, LLC | | | X | | | X | | |
| | Electro Source, LLC | | X | X | | | | | |
| | MGM Home Entertainment, Inc. | | X | | | X | | | |
| **Official Unsecured Creditors Committee Attorney** | | | | | | | | | |
| | Pachulski, Stang, Ziehl, Young, Jones & Weintraub P.C. | | | | | X | X | X | |
| **Twenty Largest Unsecured Creditors (excluding Committee Members)** | | | | | | | | | |
| | Southwest Wholesale | X | | | | | | | |
| | KFOG | X | | | | | | | |
| | Select-O-Hits, Inc. | X | | | | | | | |
| | Fonovisa, Inc. | X | | | | | | | |
| | J.K.G. Enterprises | X | | | | | | | |
| | Dart Distributing, LLC | X | | | | | | | |
| | Teevee Toons, Inc. | X | | | | | | | |
| | Racobn | X | | | | | | | |
| | Singing Machine | | X | X | | | | | |
| | Sensormatic Electronics Corp. | X | | | | | | | |
| | Navarre Corp - New Audio | | X | X | | | X | | X |
| | City Hall Records | X | | | | | | | |
| | The Hits Company, Inc. | X | | | | | | | |
| | Nextel.com, dba Boost Mobile LLC | | X | X | X | X | | X | |
| **20 Largest for Wherehouse Subsidiary I (c)** | | | | | | | | | |
| | Laurel Center Group | X | | | | | | | |
| | Hayes & Company | X | | | | | | | |
| | Main Street @ Santa Teresa Co-tenancy, c/o Hamilton Management | X | | | | | | | |
| | Grace Development, Inc. | | | X | | | | | |
| | Toms River Equities, LLC | X | | | | | | | |
| | Shepard Plaza Associates | X | | | | | | | |
| | SM Properties, LP | X | | | | | | | |
| | Rouvelas LLC | X | | | | | | | |
| | Regency Centers, LP | X | | | | | | | |
| | Advance Mortgage Co., LLC | X | | | | | | | |
| | Stillman-Mayo, Ltd. | X | | | | | | | |
| | Commons at Willowbrook, Inc., c/o Trammel Crow Company | | | | | | X | | X |
| | 4901 Burnet Road, Ltd., c/o Byram Properties | X | | | | | | | |
| | Kir Federal Way 035, LLC, Kimco Realty | X | | | | | | | |
| | Lasalle National Trust, N.A. | | | | | | X | | X |
| | Stonebridge, I Ltd. | X | | | | | | | |
| | New Plan Excel Realty | | | | | | X | | |
| | Woodlands Retail Equities | X | | | | | | | |
| | Sound Warehouse of Dallas, Inc. | X | | | | | | | |
| | Realty Trust Group | X | | | | | | | |
| **20 Largest for Wherehouse Subsidiary II (c)** | | | | | | | | | |
| | Moorpark Village Co., LLC | X | | | | | | | |
| | Passco Lancaster, LLC | X | | | | | | | |
| | Jung Chil Kim | X | | | | | | | |
| | Harry & Ruth Ornest Family Trust | X | | | | | | | |
| | Hastings Ranch Investment Co., LP | X | | | | | | | |
| | Village/Fairview Partners L.P. | X | | | | | | | |
| | Goldberg Family Trust | X | | | | | | | |
| | Topa Management Co. | | | | | | X | | |
| | Vestar California I LP | X | | | | | | | |
| | USA Hyoumi Corporation, c/o Sumitomo Real Estate Sales | X | | | | | | | |
| | The Barr Family Trust and B&D Properties, Inc. | X | | | | | | | |
| | Moltozo – Stevens Creek, c/o Gillmore & Associates | X | | | | | | | |
| | Columbia Regency Retail Partners, c/o Regency Centers | X | | | | | | | |
| | Consolidated Stores Corporation | X | | | | | | | |
| | Gary Dunn | X | | | | | | | |
| | Summit Team, Inc. | X | | | | | | | |
| | Peter W. Kraus | X | | | | | | | |
| | Colco, Ltd. #2 | X | | | | | | | |
| | Frances Katz, Katz Family Trust, c/o D.B. Commercial | X | | | | | | | |
| | Louis R. Moss, M.D. | X | | | | | | | |
| **20 Largest for Wherehouse Subsidiary III (c)** | | | | | | | | | |
| | National Capital Investments, Inc. | | | | | | X | X | |
| | Fitzwel Properties | X | | | | | | | |
| | Urban Retail Properties Co. | | | | X | | X | | |
| | Town East Mall Partnership | X | | | | | | | |
| | Southpark Mall Limited Partnership | X | | | | | | | |
| | Durham Associates | X | | | | | | | |
| | Myrtle Beach Farms, Co. | X | | | | | | | |
| | John Bellwether Properties of South Carolina LP and Simon-Haywood LLC | X | | | | | | | |
| | General Growth Properties | X | | | | | | | |
| | River Ridge Mall | X | | | | | | | |
| | General Growth Properties L.P. | X | | | | | | | |
| | General Growth Properties | X | | | | | | | |
| | Coastland Center LP | X | | | | | | | |
| | Colonial Realty LP | X | | | | | | | |
| | Cobb Place Associates, LP | X | | | | | | | |

**Wherehouse Entertainment, Inc., et al.**
Connections Check (Case No. 03-10224 (PJW))

| Cat. | Name | No Connection | Type of Work (a) | | | | | | |
|---|---|---|---|---|---|---|---|---|---|
| | | | Audit | Tax | MC | CF | Other | LIT | Canada |
| | Lafayette Associates | X | | | | | | | |
| | Macerich Lubbock, LP | X | | | | | | | |
| | Crown American Acquisition II, L.P. | X | | | | | | | |
| Other Significant Parties in Interest (d) | | | | | | | | | |
| | United States Trust Company of New York, as Collateral Agent | | X | X | | | X | X | X |
| | Musicrama, Inc. | X | | | | | | | |
| | IBM Leasing – IBM Credit | X | | | | | | | |
| | CIT Technologies Corp., fka Newcourt Technologies Corporation | X | | | | | | | |
| | Matrix Funding Corporation | | X | X | | | X | | |
| | Pitney Bowes Credit Corporation | | X | | | | X | | |
| | The Chase Manhattan Bank, as Agent Cost Center #1782 | | | | | | X | | X |
| | Madeline LLC | X | | | | | | | |
| | Paramount Pictures Home Video | | | | | | X | | X |
| | One Way Records, Inc. | X | | | | | | | |
| | Wachovia (First Union) | | | X | | X | X | X | X |
| (a) | Includes existing and previous relationships | | | | | | | | |
| (b) | All Wherehouse Entertainment engagements are previous relationships and are now closed. | | | | | | | | |
| (c) | Excludes creditors searched and reported under Wherehouse Entertainment. | | | | | | | | |
| (d) | Includes parties not specifically defined under other categories. | | | | | | | | |